UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**LAKE CHARLES LITTLE THEATRE**     **CASE NO.  2:21-CV-00996**

**VERSUS**     **JUDGE JAMES D. CAIN, JR.**

**SCOTTSDALE INSURANCE CO**     **MAGISTRATE JUDGE KAY**

## MEMORANDUM ORDER

Before the Court is a "Motion for Partial Summary Judgment to Dismiss Plaintiff's Business Interruption Claim" [Doc. 18] filed by Defendant Scottsdale Insurance Co. ("Scottsdale"). Plaintiff Lake Charles Little Theatre opposes this motion [Doc. 23].

## FACTUAL STATEMENT

Plaintiff Lake Charles Little Theatre asserted a claim under Scottsdale policy number CPS3332398 for property damage caused by Hurricane Laura to a commercial property located at 813 Enterprise Blvd in Lake Charles, Louisiana. Doc. 18-1.

The policy provides coverage for Buildings and Business Personal Property for the four buildings identified in the policy, subject to the terms, provisions, limitations and conditions outlined therein. *Id.* On the declarations page of the policy, coverage is only extended to Buildings and Business Personal Property. *Id*; Doc. 18-4 p. 54.  Defendant Scottsdale asserts that no premium was paid, and therefore no coverage existed for "Business Income" or "Business Interruption" claims. Doc. 18-1. Plaintiff Lake Charles Little Theatre argues that they have the right to a Business Interruption claim as a

consequential damage for Scottsdale's failure to timely pay adequate amounts owed under the policy. Doc. 23.

## LAW & ANALYSIS

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v.*

*Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

Defendant Scottsdale argues that the insured bears the burden of proving the existence of the policy and coverage. Doc. 18-1 pp.5-6. Scottsdale further asserts that Louisiana law places the burden on the insured to establish every fact essential to recovery and to establish that the claim falls withing policy coverage. *Id*; *Royal Manufactured Homes, LLC v. New Hampshire Ins. Co.*, No. 6:09-CV-1063, 2011 WL 3468391, at *4 (W.D. La. Aug. 5 2011). Scottsdale argues that it is undisputed in this case that the policy does not provide coverage for Business Interruption claims and as such, Scottsdale is entitled to summary judgment on this issue.

Plaintiff Lake Charles Little Theatre argues that they specifically reserve the right to claim Business Interruption and/or Loss of Income as a consequential damage to Scottsdale's failure to timely pay adequate amounts owed. Doc. 23. Lake Charles Little Theatre asserts that these damages are extra contractual. Lake Charles Little Theatre argues that whether they have suffered consequential damages, including Business Interruption and/or Loss of Income, as a result of Scottsdale's failure to properly adjust this claim, is a question of fact that can only be decided by the jury. *Id.*

As detailed hereinabove, the parties strongly dispute the issue of a Business Interruption and/or Loss of Income claim. As such, there is a genuine issue of fact for trial as to whether or not Scottsdale will be subject to Business Interruption and/or Loss of Income claims pursuant to Louisiana Revised Statutes 22:1892 and 1973.

## **CONCLUSION**

For the reasons set forth above, the "Motion for Partial Summary Judgment to Dismiss Plaintiff's Business Interruption Claim" [Doc. 18] will be **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 15th day of February, 2022.

*[signature]*

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**